UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ADAMS, ET AL.,

    Plaintiffs,

v.                                                            Case No. 05-72171

HYMAN LIPPITT, P.C., TERRY GIVENS            Honorable Patrick J. Duggan
and JOHN DOES #1 THROUGH #50,

    Defendants.
_____/

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR CLARIFICATION UNDER FED. R. CIV. P. 60
OR RECONSIDERATION UNDER L.R. 7.1(g) AND DENYING DEFENDANTS'
REQUESTS FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) AND
STAY OF PROCEEDINGS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 3, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related Complaints: *Burket, et al. v. Hyman Lippitt, et al.*, Case No. 05-72110 (filed on May 27, 2005); *Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171 (filed on June 2, 2005); and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221 (filed on June 6, 2005).[1]  All three

---

[1] Because of the similar language and allegations contained in the Complaints, throughout this Opinion and Order, the Court will only cite to the *Adams* Complaint, unless

Complaints allege Exchange Act and state law violations. On July 18, 2005, Defendants Hyman Lippitt, P.C. and John Does #1 through #20[2] filed a Motion to Dismiss or, alternatively, for Summary Judgment in all three cases. The Court held a hearing on these Motions on October 5, 2005. On December 29, 2005, this Court issued an Opinion and Order granting in part and denying in part the Defendants' Motions. On January 12, 2006, Defendants filed their "Motion for (1) Clarification under FED. R. CIV. P. 60 or Reconsideration under L.R. 7.1(g); or alternatively (2) Certification pursuant to 28 U.S.C. § 1292(b) and Stay of Proceedings," in all three cases. On February 3, 2006, at the request of the Court, Plaintiffs filed a response to Defendants' motions. The issues involved have been extensively briefed and the Court does not believe oral argument would serve any useful purpose.[3]

## I.   **Defendants' Motion for Clarification and/or Reconsideration**

First, Defendants seek clarification and/or reconsideration of the following rulings:

(1)   standing by Plaintiff John McLaughlin (individually);

(2)   the element of loss causation applicable to the claims under Rule 10b-5;

(3)   the Rule 10b-5 claims asserted against "John Does" #1 - #20;

(4)   the statute of limitations for, and general validity of, the Section 20(a) claims;

---

otherwise noted.

[2] Plaintiffs allege that "John Does #1 through #20 are shareholders, partners, members and/or employees of Hyman Lippitt." (*Adams* Compl. ¶66).

[3] Local Rule 7.1(g)(2) states: "**No Response and No Hearing Allowed**. No response to the motion and no oral argument are permitted unless the court orders otherwise."

(5)   standing by certain Plaintiffs to assert Michigan common law silent fraud claims where the Court found no duty to disclose; and

(6)   standing by certain Plaintiffs to assert Michigan common law fraud claims predicated on the sale of Agave securities.

### A. Standards of Review

Defendants' motion, pursuant to FED. R. CIV. P. 60(a) and (b), asks the Court to modify and/or clarify certain aspects of the Opinion and Order it issued on December 29, 2005. (Defs.' Reply at 1-2). Rule 60 provides, in pertinent part:

**(a) Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a *final* judgment, order, or proceeding for the following reason: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

FED. R. CIV. P. 60 (emphasis added).

However, by its terms, Rule 60(b) only applies to final judgments and orders. Thus, because the December 29, 2005 Opinion and Order was not a final order, but instead was interlocutory, Rule 60(b) does not apply. However, Rule 60(a) applies to interlocutory orders. In addition, it is a well-established principle that a court possesses the inherent authority to modify its interlocutory orders at any time before final decree. *Police Officers for Equal Rights v. City of Columbus*, 916 F.2d 1092, 1097 (6th Cir. 1990). Therefore, the Court will examine Defendants' motion to modify and/or clarify its Opinion and Order with respect to this principle and FED. R. CIV. P. 60(a).

Defendants also move for reconsideration. Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g) which provides, in pertinent part:

> **(1)   Time.**  A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.[4]
>
>     * * *
>
> **(3)   Grounds.**  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

### B. Discussion

1. Standing by Plaintiff John McLaughlin

---

[4] In their Response, Plaintiffs contend that Defendants' motion for reconsideration is untimely. The Court entered its Opinion and Order on December 29, 2005. Defendants filed their motion for reconsideration on January 12, 2006. In computing time periods, the day the order is entered is not included. FED. R. CIV. P. 6(a). In addition, weekends and legal holidays are excluded from the computation of the time for filing a motion for reconsideration. *Id.*; *see also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542 (6th Cir. 2004). Thus, because Defendants had until January 13, 2006 to file their motion for reconsideration, their motion was timely filed on January 12, 2006.

The Court agrees that John McLaughlin was inadvertently omitted from the list of plaintiffs found to lack standing in the December 29, 2005 Opinion and Order. (*See* Op. & Or. at 13). Because Plaintiff John McLaughlin did not allege that he personally purchased Agave shares, he lacks standing and his claims under Rule 10b-5 and the Michigan Uniform Securities Act should be dismissed.

2. The element of loss causation applicable to the claims under Rule 10b-5

Defendants contend that because the Court ruled that only three Plaintiffs, John McLaughlin, LLC, Britney Holdings, Ltd., and William Cliff (with respect to one investment) may assert a claim for 10b-5 liability based on alleged omissions, the Court should find that only three Plaintiffs have adequately alleged loss causation under Rule 10b-5. (Mot. at 4-5). However, in the Opinion and Order, after setting forth a number of misrepresentations that Plaintiffs allege in their complaints (*see* Op. & Or. at 14-15), the Court found that "genuine issues of fact remain as to whether Defendants' alleged ***misrepresentations and omissions*** were the proximate cause of Plaintiffs' losses." (Op. & Or. at 20 (emphasis added)). Therefore, the Court does not believe that it erred in finding that the Plaintiffs, both those who alleged misrepresentations and those who adequately alleged omissions (John McLaughlin, LLC, Britney Holdings, Ltd., and William Cliff), had established that genuine issues of fact remained as to whether these alleged misrepresentations and omissions were the proximate cause of Plaintiffs' losses.

3. The Rule 10b-5 claims asserted against "John Does" #1 - #20

Defendants contend that Plaintiffs failed to adequately plead 10b-5 claims against any of the "John Does" because there is no allegation that any of them made an

5

affirmative misrepresentation. In this Court's opinion, this issue was already ruled upon by the Court, either expressly or by implication, in its Opinion and Order. *See* E.D. MICH. L.R. 7.1(g)(3). Therefore, the Court declines to address this issue.

   4. The statute of limitations for, and general validity of, the Section 20(a) claims

First, Defendants contend that the Court inadvertently omitted addressing Defendants' assertion that the § 20(a) claims are time-barred[5] because the underlying 10b-5 claim upon which the § 20(a) claim is predicated is untimely, the § 20(a) claim must also fail. (*See* Mot. at 8-9). According to Defendants, "it is undisputed that the SEC's complaint in *SEC v. Mohn* and its press release placed Plaintiffs on actual notice of possible Rule 10b-5 claims against Agave in November 2002." (*Id.* at 8).

Defendants are incorrect. In its December 29, 2005 Opinion and Order, the Court specifically stated: "because the Court does not believe that Plaintiffs should have been on inquiry notice when the SEC filed its Complaint against Mohn in November 2002, and/or when the SEC issued a press release on its website in November 2002, the Court does not believe that it would be proper to rule as a matter of law that Plaintiffs were on inquiry notice in November 2002." (Op. & Or. at 23). Consequently, because the Court found that Plaintiffs' Rule 10b-5 claims were timely, Plaintiffs' § 20(a) claims are also timely. *See, e.g.*, *Greenburg v. Hiner*, 359 F. Supp. 2d 675, 685 (N.D. Ohio 2005) (finding that because Section 20(a) claims are by nature derivative of Section 10(b) and

---

[5] Defendants did not raise this argument in their brief in support of their Motion to Dismiss or for Summary Judgment. Rather, Defendants raised the § 20(a) timeliness argument for the first time in their reply brief. (*See* Reply at 12).

6

Rule 10b-5 claims, the same statute of limitations applies).

Second, according to Defendants, in *D.E. & J Ltd. Partnership v. Conaway*, 2005 WL 1386448 (6th Cir. 2005), the Sixth Circuit recently held that in order to validly state a claim against a "control person" under § 20(a), a plaintiff must bring a claim against the controlled entity for the underlying primary violation. (Mot. at 9).[6] However, the Court does not believe that this case requires a plaintiff to bring an independent "claim."

In *D.E. & J*, the district court found that in order to assert a § 20(a) claim against controlling persons, "the plaintiff must first *plead* a primary violation under § 10(b)." *D.E. & J Ltd. Partnership v. Conaway*, 284 F. Supp. 2d 719, 725 (E.D. Mich. 2003). The district court dismissed the § 20(a) claim due to dismissal of the plaintiffs' Rule 10b-5 claims. *Id.* On appeal, the Sixth Circuit affirmed the dismissal of the § 20(a) claims. The Sixth Circuit reasoned:

> Because "controlling person" liability is derivative, however, a plaintiff may hold a defendant liable under this theory only if the defendant controlled an entity that violated the Securities Act. D.E. & J did not ***charge*** Kmart with a violation of the Securities Act, and accordingly it may not bring a claim for relief under this theory . . . . The district court properly rejected this claim on the pleadings.

*D.E. & J*, 2005 WL 1386448 at *7 (emphasis added).

The Court does not believe that the term "charge" was meant to mean that a plaintiff is required to bring an independent claim against an indispensable party. Rather, a plaintiff is merely required to adequately allege a predicate violation. This interpretation is supported by the three cases the Sixth Circuit cited in *D.E. & J* in support of its ruling:

---

[6] Although this case was decided on June 10, 2005, Defendants did not cite this case in their original brief in support of their motions to dismiss or for summary judgment.

7

*PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 696-98 ("We conclude that the Section 20(a) claims were properly dismissed on the pleadings in the Individual Defendants' favor because the Company fails to plead a required predicate violation of Section 10(b) or Rule 10b-5 by the Company, its employees or the Individual Defendants."); *In re Comshare Inc. Securities Litigation*, 183 F.3d 542, 554 n.11(6th Cir. 1999) ("Because we conclude that Plaintiffs have not stated a claim that Comshare violated the Securities Act, we do not reach Plaintiffs' claim to 'controlling person' recovery."); and *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (dismissing § 20(a) claims because section 10(b) claims dismissed on the pleadings).

Third, Defendants contend that because any § 20(a) liability would be derivative of an underlying violation of Rule 10b-5 liability, the non-purchasing Plaintiffs who lack standing to assert Rule 10b-5 claims also lack standing to assert claims under § 20(a). Therefore, the § 20(a) claims of Plaintiffs John McLaughlin, McLaughlin Ford, McLaughlin Enterprises, C.B.S. Agency, Jaymac, William Cliff, Donald Lemire and Thomas Roderick must be dismissed. The Court agrees.

    5. <u>Standing by certain Plaintiffs to assert Michigan common law silent fraud claims where the Court found no duty to disclose</u>

Defendants contend that a number of Plaintiffs' silent fraud claims should be dismissed because Plaintiffs failed to establish a duty to disclose. In its Opinion and Order, the Court noted: "for 'silent fraud' there must have been a suppression of material facts and a duty to disclose them." *See M&D, Inc. v. W.B. McConkey*, 231 Mich. App.

22, 35-36, 585 N.W.2d 33, 40-41 (1998)." (Op. & Or. at 34). Moreover, earlier in the Opinion and Order, the Court found that "the only Plaintiffs who have adequately alleged a duty, on the part of Givens and Hyman Lippitt, to disclose the omitted information are Plaintiffs John McLaughlin, John McLaughlin LLC, McLaughlin Ford, Inc., McLaughlin Enterprises, Inc., C.B.S. Agency, Jaymac, Inc., Britney Holdings, Ltd., William Cliff, Donald Lemire, and Thomas Roderick." (Op. & Or. at 17). Therefore, the remaining Plaintiffs' claims for common law silent fraud must be dismissed. However, because the Court found that Plaintiffs' complaints adequately allege misrepresentations, Plaintiffs may still assert claims for common law fraud against Defendants based on these alleged misrepresentations.

6. Standing by certain Plaintiffs to assert Michigan common law fraud claims predicated on the sale of Agave securities

Defendants contend that the Plaintiffs who did not purchase Agave shares cannot claim that Defendants perpetrated a fraud on them due to Givens' alleged reckless disregard of the fact that Agave shares were being sold through false representations and omissions. In its Opinion and Order, however, the Court noted that Plaintiffs alleged: "'Agave Shares were being sold through false representations of material fact . . . including misrepresentations . . . contained in . . . documents created by [Givens] and/or reviewed by him. Such documents include but are not limited to the Subscription Agreements . . . and the Agave Brochure . . . .' (*Adams* Compl. at ¶188)." (Op. & Or. at 34 ). The Court found that Defendants may be liable for common law fraud because of their preparation and distribution of allegedly misleading documents. Unlike a Rule 10b-

9

5 claim, to establish a common law fraud claim, there is no requirement that Plaintiffs establish that they were the actual purchasers of Agave securities.

## II.   Defendants' Requests for Certification pursuant to 28 U.S.C. § 1292(b) and Stay of Proceedings

Because the Court declines to clarify and/or reconsider all of the federal securities claims asserted above (issues 1 through 4), Defendants seek interlocutory appeal of this Court's December 29, 2005 Opinion and Order, as well as the present Opinion and Order. The standard for granting an interlocutory appeal is set forth in 28 U.S.C. § 1292(b), which states, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The Sixth Circuit has stated that this review is to be granted "sparingly" and "only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citation omitted).

In this case, the Court does not believe that any of the federal securities claims Defendants assert present controlling questions of law, to which there is substantial ground for difference of opinion. Consequently, Defendants' requests for certification pursuant to 28 U.S.C. § 1292(b) and stay of proceedings must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff John McLaughlin's claims under Rule 10b-5 and the Michigan Uniform Securities Act are **DISMISSED**.

**IT IS FURTHER ORDERED** that the § 20(a) claims of Plaintiffs John McLaughlin, McLaughlin Ford, McLaughlin Enterprises, C.B.S. Agency, Jaymac, William Cliff, Donald Lemire and Thomas Roderick are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs John McLaughlin, John McLaughlin, LLC, McLaughlin Ford, Inc., McLaughlin Enterprises, Inc., C.B.S. Agency, Jaymac, Inc., Britney Holdings, Ltd., William Cliff, Donald Lemire, and Thomas Roderick are the only Plaintiffs who may assert claims for common law silent fraud. To the extent that Plaintiffs Jack Burket, Linda Burket, Norman Easnor, Susan I. Lindquist as Trustee of the Susan I. Lindquist Trust, and all of the Plaintiffs listed in the *Adams* Complaint assert claims for silent fraud, these Plaintiffs' silent fraud claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that except for the above, Defendants' Motion for Clarification under FED. R. CIV. P. 60 or Reconsideration under L.R. 7.1(g) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Certification pursuant to 28 U.S.C. § 1292(b) and Stay of Proceedings is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

11

12

Copies to:
James B. Eggenberger, Esq.
Andrew H. Wilson, Esq.
Rodger D. Young, Esq.
T.S. Givens, Esq.