UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACK BURKET, et al.,** | **CIVIL ACTION NOS.** | **05-72110** |
| **JENNIFER ADAMS, et al.,** | | **05-72171** |
| **WILLIAM CLIFF, et al.,** | | **05-72221** |

       **Plaintiffs,**

  **VS.**                 **DISTRICT JUDGE PATRICK J. DUGGAN**

**HYMAN LIPPITT, P.C.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER FILED ON OCTOBER 23, 2006

      These actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers.  On October 23, 2006 Plaintiffs filed Motions for Protective Order against two interrogatories posed by Defendants.  (No. 05-72110, docket no. 115; No. 05-72171, docket no. 115; No. 05-7221, docket no. 110).  Defendants filed a Brief in Opposition on November 6, 2006.  Plaintiffs filed a Reply Brief on November 13, 2006.  These motions have been referred to the undersigned for hearing and determination under 28 U.S.C. § 636(B)(1)(A).  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.  Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

      Plaintiffs object to Interrogatories 1 and 2 of Defendants' Third Set of Discovery Requests.

Interrogatory No. 1 asks:

> Are you aware that there is a federal statute that authorizes the judge
> in a federal securities fraud lawsuit to impose monetary sanctions
> against you personally, as a Plaintiff, in this federal securities fraud

lawsuit, if the papers filed by you or by your lawyer make allegations that you cannot support with evidence?

Interrogatory No. 2 asks:

Are you aware that the sanctions authorized by the statute referred to in Interrogatory No. 1 usually include a requirement that an individual pay his opponent's (Hyman Lippitt's) attorneys' fees and other expenses?

(No. 05-72110, docket no. 115, ex. A).

Defendants' counsel attached a cover letter to the subject discovery requests insisting that Plaintiffs' counsel inform each individual Plaintiff that he/she is subject to sanctions under the Securities Act and Fed. R. Civ. P. 11. (No. 05-72110, docket no. 115, ex. B). Defendants' counsel then asked that Plaintiffs' counsel confirm in writing that Plaintiffs understand the nature of the sanctions they face. (*Id.*). These interrogatories were served on September 26, 2006 which was nearly two months after the discovery cutoff date set under the Court's January 24, 2006 scheduling order.

Plaintiffs contend that these interrogatories violate Fed. R. Civ. P. 26(b) because they are not designed to obtain discovery that is relevant to any claim or defense in the case, and are an attempt to bully and intimidate Plaintiffs. Defendants argue that the interrogatories are directly relevant to their claim that the Plaintiffs be ordered to pay Defendants' costs and attorney fees. (No. 05-72110, docket no. 124 at 3). They allege that Plaintiffs have violated Fed. R. Civ. P. 11(b) and that "discovery aimed at ascertaining whether each of the Plaintiffs are aware of and able to comply with the sanction obligations is relevant to the claims in this lawsuit." (*Id.* at 6).

Rule 26(b) provides that parties may obtain discovery regarding any matter "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Defendants argue that the

interrogatories are relevant to their request for relief in the form of costs and attorney fees. However, the claims and defenses of a party are distinguishable from the prayers for relief of a party. The scope of discovery may be broad, but Defendants have not shown that it extends to matters relevant only to the prayer for relief of the party. The questions also improperly call for legal conclusions on the part of the Plaintiffs.

Moreover, even if the substance of the challenged interrogatories were minimally relevant to the issues of the case, the Court finds that the interrogatories are directed toward an improper purpose. Rule 26(c) allows the Court to grant protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Court finds that Defendants' interrogatories numbers 1 and 2 are more than an attempt to annoy or embarrass. They are designed to intimidate and harass Plaintiffs, and furthermore, to impact the attorney-client relationship between Plaintiffs and their counsel. The interrogatories, as supplemented by the cover letter sent by Defendants' counsel to Plaintiffs' counsel, show Defendants' desire to force communications between Plaintiffs and their counsel and to bring those communications into play. Even beyond that, the cover letter asks Plaintiffs' counsel to memorialize his discussion with his clients in a writing specifically addressed to Defense counsel. Such attempts by Defendants are totally outside the realm of proper discovery and border on being sanctionable.

Finally, Defendants justify these interrogatories by citing their duty to attempt to mitigate excessive costs of litigation by ensuring that the opposing party is aware of possible sanctions should the party not withdraw the offending document. (No. 05-72110, docket no. 124 at 4-7). The purported goal is appropriate, but it is not achieved by the posed interrogatories. Rule 11 provides

3

its own procedures for notifying an opposing party of the possibility of sanctions and providing a

21-day period for the party to withdraw the challenged pleading or other paper.  Fed. R. Civ. P.

11(c)(1)(A).  The notice to the opposing party must describe specific conduct.  The opposing party

is accordingly informed of the corrective action that it must take to avoid sanctions if the challenged

paper in fact violates the rule.  In contrast, the "notice" that Defendants claim to be providing in the

interrogatories fails to cite any specific pleading or other document.  It is therefore not effective for

its intended purpose of mitigating excessive litigation costs.

The Court in its discretion will not award the requested costs and fees to Plaintiffs.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (No. 05-

72110, docket no. 115; No. 05-72171, docket no. 115; No. 05-7221, docket no. 110) is **GRANTED.**

**IT IS FURTHER ORDERED** that Interrogatories 1 and 2 of Hyman Lippitt's Third Set of

Discovery Requests to Plaintiffs filed after the close of discovery are **STRICKEN**.


Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).


Dated: November 20, 2006                      s/ Mona K. Majzoub_____
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 20, 2006                      s/ Lisa C. Bartlett_____

4

Courtroom Deputy