UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ADAMS, MICHAEL BARATTA, MICHELLE BARATTA, BEVERLY BENCZIK, JOSEPH BERRY, CURTIS CALLAHAN, DOUGLAS CHAPPLE, BRENT CHITWOOD, DEBBIE CHITWOOD, PHILIP CHURCH, RONALD CUTLER, CAROL A. CUTLER, JOHN DIGUISEPPE, JOANNE DIGUISEPPE, MICHAEL DISTEFANO, HERMAN DRAZICK AS TRUSTEE OF THE DRAZICK TRUST, GEORGE DUSSICH, ROBERT EGGENBERGER, WALTER EVERETT, DAVID A. FAROUGH AS TRUSTEE OF THE DAVID A. FAROUGH REVOCABLE TRUST, JERALD FAROUGH, JAMES FELTER, VALERIE FELTER, MARION FELTER, JILLANE GIESIN, STEPHEN P. GRONKIEWICZ, DEBORAH HANSEN, DONALD HEDEEN, DONALD HEDEEN AS TRUSTEE OF THE CARL E. HEDEEN TRUST, DONALD HEDEEN AS TRUSTEE OF THE LAURA M. HEDEEN TRUST, PHILIP HERNANDEZ, BARBARA HERNANDEZ, JOSEPH K. HOWELL, JOSEPH K. HOWELL AS TRUSTEE OF THE HOWELL TRUST, MARGARET HOWELL, WILLIAM JARVIS, PETER E. JOHNSON, RITA LOGRASSO, DENNIS MEIDINGER, JACK MINER, II, KATHRYN P. MOHN AS TRUSTEE OF THE KATHRYN P. MOHN LIVING TRUST, LAURENCE F. MOHN, LAURENCE F. MOHN AS TRUSTEE OF THE LAURENCE F. MOHN LIVING TRUST, STEPHEN MORRIS, PAMELA MUNRO, FRANCES PICCININI, KEITH PIERCE, PINEHURST

Case No. 05-72171

Honorable Patrick J. Duggan

INVESTMENTS, EDWARD M. PROKOPP, EDWARD M. PROKOPP AS TRUSTEE OF THE EDWARD M. PROKOPP REVOCABLE LIVING TRUST, LINDA R. PUSHMAN, LYLE M. PUSHMAN, LYLE M. PUSHMAN AS TRUSTEE OF THE REVOCABLE LIVING TRUST OF LYLE M. PUSHMAN, JANET REBONE, GARY ROBY, LAWRENCE ROSE, CHRISTOPHER G. SAARI AS TRUSTEE OF THE CHRISTOPHER G. SAARI REVOCABLE LIVING TRUST, WAYNE SAARI, WAYNE SAARI AS TRUSTEE OF THE FAMILY TRUST OF WAYNE K. AND MARGARET M. SAARI REVOCABLE LIVING TRUST, NIKOLAY TCHOPEV, ELYCE TURBA, SHARON UHES, VALERI D. VITALE AS TRUSTEE OF THE VALERI D. VITALE REVOCABLE TRUST, NEIL VONFELDT, JAMES VOSS AS TRUSTEE OF THE JAMES C. VOSS TRUST, DAVID A. FAROUGH,

       Plaintiffs,

v.

HYMAN LIPPITT, P.C., TERRY GIVENS, NORMAN LIPPITT, DOUGLAS HYMAN, BRIAN O'KEEFE, JOHN SELLERS, and JOHN DOES #1 THROUGH #50,

       Defendants.
_____/

HYMAN LIPPITT, P.C.,

       Counter-Plaintiff and Third-Party Plaintiff,

v.

2

AGAVE, LTD., MICHAEL BURCHARD,
LEONARD DISGUISEPPE, J. PATRICK
KISOR, MOHN ASSET MANAGEMENT,
L.L.C., MOHN FINANCIAL GROUP,
L.L.C., KEITH MOHN, ANDRUS PUKKE,
ANDREW WILSON, ROBERT WINK,
NEIL VONFELDT, CURTIS CALLAHAN,
MICHAEL BARATTA, LAURENCE F.
MOHN,

    Counter-Defendants and Third-
    Party Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIFTH CAUSE OF ACTION

    At a session of said Court, held in the U.S.
    District Courthouse, Eastern District
    of Michigan, on December 29, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
        U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related suits alleging Exchange Act and state law violations: *Burket, et al. v. Hyman Lippitt, et al.*, Case No. 05-72110; *Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. On April 6, 2006, Plaintiffs filed Amended Complaints in these actions adding four individual attorneys from Hyman Lippitt, P.C. as Defendants: Norman Lippitt, Douglas Hyman, John Sellers, and Brian O'Keefe. On May 22, 2006, Defendants Norman Lippitt, Douglas Hyman, John Sellers, and Brian O'Keefe filed a Motion to Dismiss Plaintiffs' Fifth Cause of Action to pursuant to Fed. R. Civ. P. 12(b)(6). The Court held a hearing on this Motion on August 10, 2006.

3

**I.     Background**

Plaintiffs' Fifth Cause of Action alleges that Defendants Lippitt, Hyman, O'Keefe, Sellers, and Terry Givens entered into a conspiracy to continue the fraudulent securities scheme perpetrated by third-party Defendants J. Patrick Kisor and Agave, Ltd. with the purpose and effect of concealing Defendant Hyman Lippitt's role in the alleged securities scheme.  (*Adams* Am. Compl. ¶¶167, 174, 202).

**II.    Standard of Review**

Defendants Lippitt, Hyman, O'Keefe, and Sellers (hereinafter collectively referred to as "Defendants") move to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted, citing Rule 12(b)(6) of the Federal Rules of Civil Procedure in their briefs.  When deciding a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint are assumed to be true and "the complaint is to be liberally construed in favor of plaintiff."  *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1849 (1969)).  A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

**III.   Applicable Law and Analysis**

    **A. Count V: Conspiracy to Defraud**

Defendants argue that Plaintiffs' Fifth Cause of Action (Conspiracy to Defraud) must be dismissed because Plaintiffs fail to state a claim under Michigan law.  In Michigan, "[a] civil conspiracy is a combination of two or more persons, by some concerted action, to

4

accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351, 358 (1992). Defendants argue that Michigan law does not recognize any action for civil conspiracy where the alleged conspirators are all employees of the same corporation working within the scope of their employment, citing two anti-trust/trade regulation cases: *Blair v. Checker Cab Co.*, 219 Mich. App. 667, 674-75, 558 N.W.2d 439, 442 (1996) and *Smith v. Northern Mich. Hosps., Inc.*, 703 F.2d 942, 951 (6th Cir. 1983). Defendants argue that because Plaintiffs' amended complaint alleges that Defendants were acting "within the course and scope of [their] employment," (*Adams* Am. Compl. ¶¶67-70), even accepting all other allegations contained in the amended complaint as true, they were incapable of committing a conspiracy. Plaintiffs respond to Defendants' argument by pointing to the "independent personal stake" exception to the rule prohibiting conspiracies where the alleged conspirators are all employees of the same corporation working within the scope of their employment.[1] Plaintiffs point out that *Blair* recognizes the "independent personal stake" exception.

In *Blair*, the plaintiff, a former taxicab driver and member of the defendant's corporation, filed suit against the defendant, Checker Cab, asserting a civil conspiracy claim against the defendant. 219 Mich. App. at 669-70, 558 N.W.2d at 440. The trial court granted summary disposition on plaintiff's conspiracy claim. *Id.* at 673, 553 N.W.2d at 442.

---

[1]Plaintiffs also contend that the rule prohibiting intra-corporate conspiracies applied in *Blair* and *Smith* should not be applied to this case. However, Plaintiffs have not provided any cases rejecting the general rule that intra-corporate conspiracies do not exist in Michigan.

5

On appeal, the Michigan Court of Appeals noted that although "there can be no conspiracy between a corporation and its directors if the directors are acting on behalf of the corporation," an exception exists where "the directors have an independent personal stake in a particular action and, therefore, are actually acting on their own behalf." *Id.* at 674-75, 558 N.W.2d at 442. In that case, the court found that the exception applied and that plaintiff's conspiracy claim should be reinstated. *Id.* at 677, 558 N.W.2d at 443. The court reasoned:

> Construing plaintiff's complaint in her favor, we find that it implies a combination between defendant and the members of its board of directors and it also implies a conspiracy between defendant and its officers. Plaintiff made several allegations suggesting that the directors who adopted the challenged bylaw benefited [sic] personally from that decision. Plaintiff alleged that the directors sought to prevent plaintiff from leasing cabs to drivers at a lower rate than "that established by some of the directors of the corporation, who were also cab owners with substantially higher rates." Plaintiff also alleged that her initial hearing was conducted by directors "who had a pecuniary interest in the outcome of the proceedings." Further, plaintiff alleged that the bylaw was enacted to prevent an owner from offering a lower daily rental rate to drivers. These allegations could be understood as a claim that defendant and its directors were conspiring to fix the price of daily lease payments for a taxicab and, therefore, to restrain trade in the business. Also, the allegations that the directors had a pecuniary interest in the antitampering clause allows an inference that the directors were acting independently of, and therefore could conspire with, defendant.

*Id.* at 675-76, 558 N.W.2d at 442-43.

In *Smith*, the Court of Appeals for the Sixth Circuit recognized the "independent personal stake" exception to the intra-corporate conspiracy doctrine in determining whether

6

a conspiracy existed under Section 1 of the Sherman Act[2]. 703 F.2d at 950. "Under this exception, a conspiracy may be found to exist between a corporation and its employee by virtue of the employee's independent personal stake in achieving the object of the conspiracy." *Id.*; *see also Krieger v. Gast*, 200 WL 288442, at *16 (W.D. Mich. Jan. 21, 2000) (holding that although "there can be no conspiracy between a corporation and its directors if the directors are acting on behalf of the corporation," the independent personal stake exception applied to preclude dismissal of the plaintiff's conspiracy claim); *M&M Graphics Servs., Inc. v. Wiar*, 2003 WL 21419272, at *3 (Mich. App. Jun. 19, 2003) (remanding the trial court's directed verdict on the plaintiff's civil conspiracy claim because although "a corporation cannot conspire with its board of directors, officers, or employees, because a corporation acts only through those persons and conspiring with those persons would be like conspiring with itself," the independent personal stake exception applied); *see also General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313-14 (3d Cir. 2003) (discussing the independent personal stake exception but ultimately upholding the district court's dismissal of the plaintiff's intra-corporate conspiracy claim).

Plaintiffs' Amended Complaint specifically alleges that "Defendants entered into a conspiracy to continue the fraudulent scheme perpetrated by Agave with the purpose and effect of concealing HYMAN LIPPITT'S role, and in the case of Defendants GIVENS, O'KEEFE and SELLERS, their own role, in the Agave debacle . . ." (*Adams* Am. Compl. ¶¶202, 207). In addition, Plaintiffs' Amended Complaint states that "in the course of

---

[2] The Sherman Act, 15 U.S.C. § 1, sets forth penalties for conspiracies in restraint of trade.

HYMAN LIPPITT's representation of Mohn, SELLERS, O'KEEFE, LIPPITT, and HYMAN took various actions which were a continuation of the cover-up which had begun with the creation of Genesis and which were designed to conceal the role of HYMAN LIPPITT and LIPPITT, HYMAN, O'KEEFE and SELLERS in the scheme and cover-up." (*Id.* ¶174).[3]

Giving the complaint the liberal construction to which Plaintiffs are entitled and accepting the factual allegations in the complaint as true, the Court cannot conclude that "it appears beyond doubt that [P]laintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Therefore, Defendants' motion to dismiss Count V shall be denied.

Accordingly,

**IT IS ORDERED** that Defendants Norman Lippitt, Douglas Hyman, John Sellers, and Brian O'Keefe's Motion to Dismiss Plaintiffs' Fifth Cause of Action is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
James B. Eggenberger, Esq.
Andrew H. Wilson, Esq.
Rodger D. Young, Esq.
T.S. Givens, Esq.
Jay A. Schwartz, Esq.

---

[3] In their response to the motion to dismiss, Plaintiffs also point out that although "the complaint alleges that [Defendant] GIVENS acted within the course and scope of his employment with HYMAN LIPPITT, it is now known that GIVENS left the employ of HYMAN LIPPITT in June 2002. Since the amended complaint alleges a conspiracy beginning in February 2002 and continuing through 2004, it is clear that many of the acts done in furtherance of the conspiracy were committed when Given was not an employee, officer, or director of HYMAN LIPPITT . . . ." (Pls.' Resp. Br. at 5-6).