UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,
    Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,
and                                                                                             Case No. 05-72110
                                                                                      Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C.,
    Third-Party Plaintiff,
v.

KEITH MOHN, et al.,
    Third-Party Defendants.
_____/

JENNIFER ADAMS, et al.,
    Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,                                                              Case No. 05-72171
and                                                                       Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C.,
    Counter and Third-Party Plaintiff,
v.

KEITH MOHN, et al.,
    Counter and Third-Party Defendants.
_____/

WILLIAM CLIFF, et al.,

    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,

and                                              Case No. 05-72221
                                                                Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C.,
    Third-Party Plaintiff,

v.

KEITH MOHN, et al.,
    Third-Party Defendants.
                                           /

## OPINION AND ORDER DENYING HYMAN LIPPITT DEFENDANTS' 28 U.S.C. § 636(b)(1) "OBJECTIONS TO AND APPEAL FROM" MAGISTRATE MAJZOUB'S AUG. 9, 2006 ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 23, 2007.

    PRESENT:         THE HONORABLE PATRICK J. DUGGAN
                            U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related lawsuits alleging Exchange Act and state law violations: *Burket et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72110; *Adams et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72171; and *Cliff et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221.[1] Presently before this Court is the Hyman Lippitt Defendants'[2] 28 U.S.C. § 636(b)(1) "Objections To And Appeal From" Magistrate Judge

---

[1] On August 16, 2006, this Court issued an Order consolidating these cases for discovery purposes. Although the motions addressed in this Opinion and Order were filed before the consolidation order, they are identical in substance and were filed separately in each lawsuit.

[2] "Hyman Lippitt Defendants" includes Defendant Hyman Lippitt, P.C. and individual Defendants Norman Lippitt, Douglas Hyman, Brian O'Keefe, John Sellers, and John Does #1-

Majzoub's August 9, 2006 Order, which was filed on August 23, 2006. Plaintiffs in the three separate lawsuits have not responded and the time for response has expired. *See* E.D. Mich. L.R. 7.1(d)(2)(B).

## I. Background

On March 29, 2006, Defendant filed Motions for Judicial Determination Concerning Disclosure of Former Clients' Confidences and Secrets and Protective Order in all three cases. In these motions, Defendant sought guidance in the use of "confidences" and "secrets," obtained in the representation of former, non-party clients in its defense of this lawsuit. On March 30, 2006, this Court referred Defendant's motions to Magistrate Judge Mona K. Majzoub. Before Magistrate Judge Majzoub ruled on Defendant's motions, Plaintiffs in all three cases filed Motions to Compel on April 14, 2006. On April 20, 2006, this Court referred Plaintiffs' motions to Magistrate Judge Majzoub.

Magistrate Judge Majzoub issued an Order on May 5, 2006, directing Defendant to produce for *in camera* inspection documents listed in a privilege log provided in response to Plaintiffs' Motions to Compel. After holding a hearing on both Defendants' and Plaintiffs' motions on May 16, 2006, Magistrate Judge Majzoub issued an Order granting in part and denying in part Plaintiffs' Motions to Compel Discovery and denying Defendant's Motions for a Protective Order. In the May 24, 2006 Order, Magistrate Judge Majzoub determined that many of the documents listed in the privilege log were not privileged because: (1) much

---

20. (Dfts.' Mot. at 1). In this Opinion and Order, when the Court refers to Defendants it means the "Hyman Lippitt Defendants" collectively. When the Court refers to Defendant in this Opinion and Order it means Defendant Hyman Lippitt, P.C. only.

of the Defendants' advice was business advice, not legal advice; (2) no attorney-client relationship existed between the Defendant and any of the West Indies Hanver entities; or (3) the crime-fraud exception applied. (5/24/06 Order at 8-9).

Defendant filed a motion for reconsideration of Magistrate Judge Majzoub's May 24, 2006 Order, which this Court referred to Magistrate Judge Majzoub on July 18, 2006.[3] On August 9, 2006, Magistrate Judge Majzoub issued an Order denying Defendant's motion for reconsideration. Magistrate Judge Majzoub reiterated that the disputed documents were not privileged "because (1) Defendants never gave legal representation to some of the parties they claimed to have represented; (2) many [of] Defendants' communications were made for the purpose of giving business advice, as opposed to legal advice; and (3) many of the communications were subject to the crime-fraud exception." (8/9/06 Order at 3). Magistrate Judge Majzoub stated that Defendant mischaracterized the May 24, 2006 Order as resting solely on the application of the crime-fraud exception. (*Id.*)

## II.  **Standard of Review**

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when a party objects to a magistrate judge's ruling on non-dispositive matters. The rule provides in relevant part: "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate

---

[3]The Motion was actually entitled "Hyman Lippitt, P.C.'s Objections and Motion for Reconsideration/Appeal to Judge Patrick J. Duggan of Magistrate Majzoub's May 24, 2006 Order." This Court referred this motion to Magistrate Judge Majzoub on July 18, 2006, because it construed the motion as one for clarification or reconsideration of Magistrate Judge Majzoub's May 24, 2006 Order.

judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).[4]

## III. Analysis

Defendants filed the present motion objecting to Magistrate Judge Majzoub's May 24, 2006 and August 9, 2006 Orders on two separate grounds. Defendants first challenge six sentences contained in Magistrate Judge Majzoub's May 24, 2006 Order. Defendant's second basis for objection is that Magistrate Judge Majzoub failed to provide guidance as requested in Defendant's March 29, 2006 motion.[5]

### A. Six Challenged "Findings"

Defendants are concerned with the following six sentences contained in the May 24, 2006 Order:

> 1. "Defendant directed Hanver not to disclose the troubling revelations concerning Agave's investments to its investors." (5/24/06 Order at 5).
>
> 2. "In June 2001, through the efforts of Defendants Givens and Hyman Lippitt, Agave acquired a seat on the [Chicago Board of Options Exchange] in the name of the Agave employee, Gil Howard." (*Id.*).
>
> 3. "The arrangement circumvented the CBOE's prohibition on seat ownership by pools of investors." (*Id.*).
>
> 4. "The Court's *in camera* review reveals that Defendants helped control and operate Agave, GNT, and the other investment entities in this case (except the Hanver

---

[4]Defendants argue that the de novo standard of review should apply, because the challenged sentences *could* have a dispositive effect. Defendants have not set forth any basis for their conclusion that these sentences could have a dispositive effect. This Court is not aware of how the sentences have a dispositive effect.

[5]The Court has advised the parties by letter that it will consider Defendants' second basis of objection at a hearing on January 26, 2007.

5

>   entities), and that their role was not limited to the mere provision of legal advice." (*Id.* at 8).
>
> 5.  "Plaintiffs have shown that at least one purported 'attorney-client relationship' claimed by Hyman Lippitt did not exist." (*Id.* at 9).
>
> 6.  "Based on the evidence presented, the Court concludes that Hyman Lippitt never represented any of the West Indies Hanver entities in connection with Agave, GNT, or Genesis." (*Id.*).

Defendants acknowledge that they do not seek reconsideration "of the merits of the privilege issue per se" and in fact, indicate that they will comply with the Magistrate Judge's Order to produce the documents. (Br. in Supp. at 1). The purpose of Federal Rule of Civil Procedure 72(a) is to permit a party who objects to the order itself, to seek review on the basis that the <u>order</u> is "clearly erroneous or contrary to law."[6]

A party contending that an order is clearly erroneous or contrary to law may challenge the reasoning upon which the magistrate judge reached his or her decision. The district court may, of course, agree with the reasoning of the magistrate judge but for other reasons, conclude that the ruling is clearly erroneous. Or, the court may disagree with the magistrate judge's reasoning but for other reasons find that the decision of the magistrate judge is not clearly erroneous.

Because in this case there is no objection to the Order itself, the "objections" to the

---

[6]The Court recognizes that the language of the rule refers to "any portion of the magistrate judge's order." FED. R. CIV. P. 72(a). In this Court's opinion, that refers to portions of the order itself, i.e., that portion of the order that is compelling parties to act or refrain from acting in a certain way. It does not, in this Court's opinion, refer to the reasoning of the magistrate judge in reaching his or her conclusions with respect to that which is to be ordered.

statements made by the Magistrate Judge do not warrant the relief sought by Defendants. While Defendants suggest that the statements with which they disagree will somehow have an adverse effect on them in this litigation, Defendants set forth no basis for that conclusion. If Defendants believe that these statements are somehow binding on this Court, Defendants should cite the authority for such belief.  If Defendants believe that these statements will somehow be introduced into evidence and possibly affect the decision of the trier of fact, Defendants should cite the authority for such concern.

Therefore,

**IT IS ORDERED** that Defendants' Objections to an Appeal from Magistrate Judge Majzoub's August 9, 2006 Order is **DENIED IN PART**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Susan Brown, Jay Schwartz, James Eggenberger, Andrew Wilson
Steven Susser, Rodger Young
T.S. Givens
Jack Mazzara
Thomas Blaske
Neil Vonfeldt
Michael Baratta
Magistrate Judge Mona Majzoub