# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JACK BURKET, et al.,** | **CIVIL ACTION NOS.**    **05-72110** |
| **JENNIFER ADAMS, et al.,** | **05-72171** |
| **WILLIAM CLIFF, et al.,** | **05-72221** |
|       Plaintiffs, | |
|   VS. | **DISTRICT JUDGE PATRICK J. DUGGAN** |
| **HYMAN LIPPITT, P.C., et al.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
|       Defendants. | |
| _____/ | |

## OPINION AND ORDER GRANTING IN PART THE HYMAN LIPPITT DEFENDANTS' MOTION FOR LEAVE TO EXTEND THE TIME LIMIT OF KEITH MOHN'S DEPOSITION AND GRANTING IN PART HYMAN LIPPITT'S MOTION FOR SANCTIONS

These actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers. The motions at issue are the Hyman Lippitt Defendants' Motion for Leave to Extend the Time Limit of Keith Mohn's Deposition filed on October 30, 2007 (docket no. 251) and Hyman Lippitt's Motion for Sanctions as to Each Plaintiff for Failure to Comply with Court's Order to Produce Returns filed on November 9, 2007 (docket no. 258).[1] Responses have been filed to each motion. (Docket nos. 252, 254, 266). These motions have been referred to the undersigned for decision. (Docket nos. 253, 259). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

---

[1] Citations to the record will be to Case No. 05-CV-72110, unless otherwise noted.

*A.    Deposition of Keith Mohn*

The Hyman Lippitt Defendants move the Court for an Order under Fed. R. Civ. P. 30(d) permitting the deposition of Keith Mohn to exceed seven hours. The Hyman Lippitt Defendants took Mohn's deposition on October 25, 2007 for a total of five and one-half hours. They stopped at that time due to a disagreement with counsel for Plaintiffs on how much time Plaintiffs were entitled in that session to depose Mohn. The Hyman Lippitt Defendants request an additional ten and one-half hours for the deposition of Mr. Mohn on behalf of all parties. (Docket no. 251). They contend that good cause exists for this extension because this is a complex, multi-party case, the parties have produced voluminous documents during discovery, Mohn is a central figure in the case, and several parties seek time to question Mr. Mohn. (*Id.*).

Mr. Mohn opposes this motion. (Docket no. 254). He contends that good cause for the extension has not been shown because he has already given three days of sworn testimony to the Securities and Exchange Commission regarding the same facts and subject matter at issue in these cases. Mr. Mohn also argues that Hyman Lippitt has already deposed him for five and one-half hours and will have an opportunity to complete its examination within the seven hours permitted under Rule 30(d), and that no good cause exists for an additional 10.5 hours of deposition time.

The Plaintiffs have also responded to this Motion. (Docket no. 252). They address the refusal of the Hyman Lippitt Defendants to allow any time for Plaintiffs to conduct an examination of Mr. Mohn. They seek 90 minutes of examination time for Mr. Mohn and "do not believe that any party has an extensive 'need' to conduct an examination of Mr. Mohn beyond seven hours, in light of the already extant SEC testimony." (Docket no. 252 at 3).

Rule 30(d), Fed. R. Civ. P., provides that a deposition is limited to "one day of seven hours" but that the "court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination

2

of the deponent." Fed. R. Civ. P. 30(d)(2). The Advisory Committee Notes to the 2000 Amendment to the Rule state that the party seeking an extension of the deposition is expected to show good cause to justify the extension. Relevant factors cited in the Notes favoring additional time include when multiple parties seek to question the witness and when the witness will be questioned about numerous and lengthy documents. Rule 26(b)(2) provides that the Court may limit discovery if it is unreasonably cumulative or duplicative, or if the information sought may be obtained from another source that is less burdensome. Fed. R. Civ. 26(b)(2)(C).

The Court finds that several factors favor an extension of the seven hour limit. These factors are that this is a complex, multi-party case and that several parties, including Mr. Mohn's own counsel, may wish to question him during his deposition. In addition, the Court is aware from the preceding discovery disputes that many documents have been produced during discovery and that Mr. Mohn is a central figure in these actions. On the other hand, however, the Hyman Lippitt Defendants fail to address the effect of the existence of transcripts of Mr. Mohn's testimony to the SEC regarding the relevant issues in these actions. The existence of these transcripts is cited by the Plaintiffs as the reason why they will not need more time to question Mr. Mohn. Mr. Mohn states that these transcripts cover nearly 700 pages. Therefore, although this testimony has not been produced to the Court, there is little doubt of its existence and its relevance to the issues upon which Mr. Mohn will be questioned. Because Rule 26(b) counsels against granting an extension to pose cumulative and duplicative questions, the failure of the Hyman Lippitt Defendants to discuss the effect of these transcripts is a major obstacle to its showing of good cause for the entirety of the extension they seek.

After balancing the appropriate factors, the Court finds that the Hyman Lippitt Defendants have shown good cause for a limited extension of time to question Mr. Mohn. They have not shown that an extension of ten and a half hours is necessary to fairly examine Mr. Mohn. Considering the five and

3

one-half hours during which the Defendants have already questioned Mr. Mohn, they will receive an additional three and one-half hours to question him. If Mr. Mohn's counsel decides to question Mr. Mohn, counsel has stated that his questioning would take no more than 30 minutes. (Docket no. 254 n.7). In addition, Plaintiffs may have their 90 minutes of questioning Mr. Mohn. Therefore, in total, Mr. Mohn will be subject to another five and one-half hours of deposition.

    B.  *Sanctions for Failure to Produce Tax Returns*

    The Hyman Lippitt Defendants also move for sanctions against each Plaintiff for their failure to produce their income tax returns as ordered by the Court. (Docket no. 258). On June 8, 2007, the Hyman Lippitt Defendants filed a Motion to Compel production of Plaintiffs' state and federal income tax returns for the years 1999-2004, as well as gift tax returns for those same years, for each of the Plaintiff entities and individuals. (Docket no. 174). This Court granted that Motion as to the Plaintiffs, and they were to produce the returns within 14 days of the Order dated July 27, 2007. (Docket no. 202). Plaintiffs appealed this Order, but the district court denied the appeal on October 23, 2007. (Docket no. 250). As of the filing of the Defendants' Motion on November 9, 2007, Plaintiffs had not produced any tax returns. (Docket no. 258 at 4). In their Response, Plaintiffs do not dispute that they have failed to produce any of their income tax returns. They "agree" that they "are required" to produce the returns in their possession and state that they have agreed, in lieu of the actual returns, to execute appropriate documents allowing Hyman Lippitt to procure the returns from the IRS and state taxing authorities. The Plaintiffs state that they "only request a reasonable period of time to comply." (Docket no. 266 at 2). Plaintiffs seek until December 7, 2007 to produce the returns.

    The Court finds that four months after this Court first ordered the returns to be produced, and one month after the district court affirmed that Order, are reasonable amounts of time for Plaintiffs to have produced the returns. Plaintiffs should already have produced these returns. Rule 37(b)(2), Fed.

4

R. Civ. P., provides that if a party fails to obey an order to provide discovery, the Court may require the party or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make the award of expenses unjust. In determining the appropriate sanction under Rule 37, the Court considers such factors as whether the failure was due to willfulness, bad faith or fault, whether the adversary was prejudiced, whether the court warned the party that the sanction might be imposed, and whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Defendants should not have had to file this Motion to receive the tax returns. Therefore, it is appropriate that Plaintiffs be sanctioned by having to pay the reasonable expenses, including attorney's fees, caused by their failure. This is one of the least drastic sanctions under Rule 37. The Court finds that the delay in producing these returns was willful because Plaintiffs' counsel states in his Response that prior to the district court's affirmance of this Court's ruling, "the named Plaintiffs had not been requested to undertake" the task of finding and producing the tax returns. If counsel had instructed Plaintiffs to prepare these returns while the appeal was pending, they could have swiftly complied with the Order once it was affirmed. Plaintiffs must suffer the consequences of the decision by their counsel and with their own delay after the district court's decision to produce the returns. The failure to produce any returns is indicative of bad faith on the Plaintiffs' part.[2] The Court rejects Plaintiffs' proffered reasons for the delay such as the complexity of the returns, the difficulty in copying them or that the Plaintiffs are retired or aged.

---

[2] In an email dated November 6, 2007, Plaintiffs' counsel Andrew Wilson stated that Plaintiffs were "in the process of receiving and logging in the Plaintiffs' tax returns." (Docket no. 258, ex. 1). Plaintiffs fail to sufficiently explain why several weeks later they still have not produced any returns.

Although this Court's previous Order did not specifically warn Plaintiffs that this sanction of reasonable expenses might be applied to them, it should come as no surprise because it is one of the least drastic sanctions possible upon Plaintiffs' failure to produce the returns as ordered by the Court. Finally, the Court finds that Defendants have been prejudiced by being deprived of this information for several months and until now when discovery has closed.

This Court therefore imposes sanctions upon Plaintiffs for their failure thus far to produce the tax returns as ordered by this Court in its July 27, 2007 Order and affirmed by the district judge. The Court awards Defendants its reasonable and necessary expenses, including attorney's fees, for having to file this Motion. Defendants will file a Bill of Costs detailing their reasonable and necessary expenses on or before December 12, 2007. Plaintiffs may respond to that Bill of Costs on or before December 18, 2007. Plaintiffs are warned that failure to produce the returns as directed by this Order may result in more severe sanctions as allowed by Rule 37.

**IT IS THEREFORE ORDERED** that the Hyman Lippitt Defendants' Motion for Leave to Extend the Time Limit of Keith Mohn's Deposition (No. 05-72110, docket no. 251; No. 05-72171, docket no. 254; No. 05-72221, docket no. 222) is **GRANTED** to the extent that Mr. Mohn will be subject to an additional five and one-half hours of deposition as set out above to be completed on or before December 19, 2007, and is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Hyman Lippitt's Motion for Sanctions (No. 05-72110, docket no. 258; No. 05-72171, docket no. 261; No. 05-7221, docket no. 229) is **GRANTED** to the extent that Plaintiffs are ordered to comply with this Court's July 27, 2007 Order to produce their tax return information on or before December 5, 2007.

**IT IS FURTHER ORDERED** that Defendants are awarded sanctions, in an amount to be later determined as set forth above, for Plaintiffs' failure to produce their tax return information, and that otherwise the Defendants' Motion for Sanctions is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 28, 2007                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 28, 2007                s/ Lisa C. Bartlett
                                        Courtroom Deputy