UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK BURKET, et al., | CIVIL ACTION NOS. 05-72110 |
| JENNIFER ADAMS, et al., | 05-72171 |
| WILLIAM CLIFF, et al., | 05-72221 |
| Plaintiffs, | |
| VS. | DISTRICT JUDGE PATRICK J. DUGGAN |
| HYMAN LIPPITT, P.C., et al., | MAGISTRATE JUDGE MONA K. MAJZOUB |
| Defendants. | |

## OPINION AND ORDER GRANTING HYMAN LIPPITT'S EMERGENCY MOTION TO QUASH DEPOSITION OF NON-PARTY

These actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers. On March 13, 2008 Hyman Lippitt filed an Emergency Motion to Quash Deposition of Non-Party to be Held in Canada on Two Business Days' Notice and/or To Preclude Use of Same at Trial. (Docket no. 279).[1] Plaintiffs filed a Response also on March 13, 2008. (Docket no. 281). Counter/Third-Party Defendant Keith Mohn and Laurence Mohn also filed a Response. (Docket no. 282). This motion has been referred to the undersigned for decision. (Docket no. 280). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling.

These actions were filed in May 2005. (Docket no. 1). Discovery closed on August 31, 2007.[2] (Docket no. 168). The final pretrial conference is set for April 2, 2008. (Docket no. 247). The trial in these matters is therefore imminent. On March 12, 2008 at approximately 4:30 p.m.

---

[1] Citations to the record will be to Case No. 05-CV-72110, unless otherwise noted.

[2] Discovery noticed prior to the deadline has apparently continued past this deadline by agreement of the parties. (Docket no. 279 at 3).

Plaintiffs' counsel sent counsel for Hyman Lippitt an email stating: "Robin Cotterell has agreed to be deposed in London, Ontario on this Monday at 11 a.m. Formal notice and location will go out tomorrow." (Docket no. 279, ex. 3). The parties agree that Mr. Cotterell will likely give testimony damaging to Hyman Lippitt's defense in these actions. He is a resident of Nevis, a Carribean island. (Docket no. 281 at 4).

Hyman Lippitt moves to quash this proposed deposition on several grounds including that counsel for Plaintiff never noticed the deposition of Mr. Cotterell before the discovery cut-off date and that counsel is not available to prepare for, or attend, a deposition on March 17, 2008.[3] (Docket no. 279 at 4). Plaintiffs contend that Mr. Cotterell's scheduled deposition complies with Fed. R. Civ. P. 28(b) because depositions may be taken in foreign countries on notice. (Docket no. 281 at 5-7). They also argue that Defendants received adequate notice of the deposition considering that email notice was sent on March 13 and that the deposition could be delayed until Tuesday, March 18. (*Id*. at 7-8).

The Court first finds that Mr. Cotterell's deposition should not be taken because it was noticed approximately six months after the close of discovery. Pursuant to Fed. R. Civ. P. 16(b) the court's scheduling order setting the close of discovery may be modified only for good cause. *See Lewis v. Mt. Morris Twp.*, 2007 WL 2902890 (E.D. Mich. Sept. 28, 2007). Plaintiffs have not shown good cause for allowing this deposition to be taken after the close of discovery. Although the parties may now be voluntarily exchanging some discovery, this is not a deposition upon which the parties agree. There is no showing that the relevance of Mr. Cotterell's testimony recently

---

[3] Hyman Lippitt states that on August 23, 2007 counsel for Third-Party Defendants issued a notice of "telephone deposition" for Mr. Cotterell. Hyman Lippitt objected on several grounds and the deposition never occurred. (Docket no. 279 at 2). Plaintiffs do not argue that this notice is relevant to the instant motion, and the Court finds that it has no effect on this motion.

became known to Plaintiffs. To the contrary, the record shows that the parties were aware of him before the close of discovery. (Docket no. 279, ex. 1). Because Plaintiffs have failed to show good cause for allowing Mr. Cotterell's deposition to be taken after the close of discovery, the motion to quash will be granted.

The Court also finds that Plaintiffs failed to give Hyman Lippitt reasonable notice of Mr. Cotterell's deposition. The record does not include proper notice as required by Fed. R. Civ. P. 30(b). The only notice of record is the email correspondence quoted above which fails to state the specific place where the deposition will be held and the method by which the deposition will be recorded.

Even assuming that the email was proper as to the form of the notice, it did not give reasonable notice. Rule 30(b)(1), Fed. R. Civ. P., does not require a specific number of days of notice. The court considers the circumstances of the particular case. *Paul v. Winco Holdings, Inc.*, 2008 WL 553656 at *13 (D. Idaho Feb. 27, 2008); *see Porter v. Goord*, 2008 WL 488027 at *2 (W.D.N.Y. Feb. 20, 2008). Plaintiffs' email notice effectively gave Hyman Lippitt only two business days notice prior to Mr. Cotterell's scheduled deposition. Courts have found that similar time periods are not reasonable notice. *Tradewinds Environmental Restoration, Inc. v. St. Tammany Park, LLC,* 2008 WL 449972 (E.D. La. Feb. 14, 2008) (email notice sent Friday, Feb. 8, 2008 for deposition scheduled for Feb. 13, 2008 not reasonable). The Court is aware that these actions have generated much discovery. Although the general substance of Mr. Cotterell's testimony may have been known to Hyman Lippitt for some time, it is reasonable to conclude that it will take counsel for Hyman Lippitt some time to prepare for Mr. Cotterell's deposition. Notice of a few days is too

little for a deposition scheduled in a foreign country and in complex actions such as these. This is an additional reason why Hyman Lippitt's motion will be granted.

**IT IS THEREFORE ORDERED** that Hyman Lippitt's Emergency Motion to Quash Deposition of Non-Party (No. 05-72110, docket no. 279; No. 05-72171, docket no. 292; No. 05-72221, docket no. 255) is **GRANTED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 14, 2008         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon counsel of record on this date.

Dated: March 14, 2008         s/ Lisa C. Bartlett
                              Courtroom Deputy