UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,                          Case No. 05-72110
JENNIFER ADAMS, et al.,                       Case No. 05-72171
WILLIAM CLIFF, et al.,                        Case No. 05-72221

       Plaintiffs,                       Honorable Patrick J. Duggan

v.

HYMAN LIPPITT, P.C., et al.,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
            U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiffs' appeal of Magistrate Judge Mona K. Majzoub's March 14, 2008 Opinion and Order Granting Hyman Lippitt's Emergency Motion to Quash Deposition of Non-Party and Counter-/Third-Party Defendants Keith and Laurence Mohns' (hereinafter the "Mohns") appeal of the same Opinion and Order. Defendant Hyman Lippitt, P.C. ("Hyman Lippitt") has not responded to either of the appeals but has filed a "Motion For Protective Order Under Rule 26(c)(1)(B) Concerning Deposition of Non-Party to be Held on Two Business Days' Notice." Plaintiffs and the Mohns have responded to Hyman Lippitt's motion for a protective order. Having

reviewed the parties' filings, the Court sees no need for oral argument, and is therefore dispensing with oral argument in accordance with Local Rule 7.1(e)(2).

I. **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's nondispositive pretrial orders shall not be reversed unless "clearly erroneous or contrary to law." A magistrate judge's decision on a nondispositive pretrial matter "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Stated differently, if there are two permissible views of the evidence, a magistrate judge's choice between them cannot be "clearly erroneous." *Anderson v. City of Bessmer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1512 (1985).

II. **Discussion**

   A. **Procedural History**

On March 12, 2008, counsel for Plaintiffs, Mr. Larry W. Bennett, sent an email to counsel for the HL Defendants[1], Ms. Jaye Quadrozzi, stating: "Robin Cotterell has agreed to be deposed in London, Ontario on this Monday at 11 a.m. Formal notice and location will go out tomorrow." (Hyman Lippitt's Emergency Mot. Ex. 3.) Robin Cotterell is a non-party to these actions who has previously filed an affidavit in support of Plaintiffs' response to the HL Defendants' motions for summary judgment. (*See Adams* Doc. No.

---

[1] "HL Defendants" include Hyman Lippitt, P.C., Norman Lippitt, Douglas Hyman, Brian O'Keefe, and John Sellers.

260, Ex. QQ.)  Hyman Lippitt has stated that "[i]t is evident from the content of Mr. Cotterell's affidavit that Plaintiffs anticipate that testimony by Mr. Cotterell would be favorable to Plaintiffs and adverse to Hyman Lippitt." (*Id.* ¶ 8.)  Furthermore, although Mr. Bennett's email originally stated that the deposition was to take place on March 17, 2008, Plaintiffs state that Mr. Cotterell has "offered to have the deposition taken on Tuesday, March 18." (Pls.' Obj. at 2.)

On March 13, 2008, Hyman Lippitt filed an "Emergency Motion to Quash Deposition of Non-Party To Be Held in Canada On Two Business Days' Notice And/Or Preclude Use of Same At Trial" (hereinafter referred to as "emergency motion"). Plaintiffs responded to Hyman Lippitt's emergency motion that same day, and the Mohns filed a response to Hyman Lippitt's emergency motion on March 14, 2008.  This Court referred the matter to Magistrate Judge Mona K. Majzoub on March 13, 2008.

On March 14, 2008, Magistrate Judge Majzoub issued an Opinion and Order granting Hyman Lippitt's emergency motion. Plaintiffs filed an appeal on March 14, 2008. Counter/Third-Party Defendants Keith and Laurence Mohn filed an appeal on March 16, 2008.

**B.    Analysis**

In their appeals, Plaintiffs and the Mohns argue that Magistrate Judge Majzoub erroneously assumed that Mr. Cotterell's deposition was a discovery deposition precluded by Rule 16(b) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 16(b)(providing that a court's scheduling order "may be modified only for good cause"). Furthermore, Plaintiffs and the Mohns contend that Magistrate Judge Majzoub erred

when she found that Plaintiffs' notice of Mr. Cotterell's deposition was not reasonable under the circumstances.

Among other reasons, Magistrate Judge Majzoub found that it was proper to grant Hyman Lippitt's emergency motion because Plaintiffs failed to give reasonable notice of Mr. Cotterell's deposition. Magistrate Judge Majzoub noted that "Plaintiffs' email notice effectively gave Hyman Lippitt only two business days notice prior to Mr. Cotterell's scheduled deposition." (Mag. Majzoub's 3/14/08 Op. & Or. at 3.) Moreover, Magistrate Judge Majzoub found that "it is reasonable to conclude that it will take counsel for Hyman Lippitt some time to prepare for Mr. Cotterell's deposition," even though "the general substance of Mr. Cotterell's testimony may have been known to Hyman Lippitt for some time." (*Id.*)

This Court does not believe that Magistrate Judge Majzoub's conclusion that Plaintiffs failed to provide reasonable notice of Mr. Cotterell's deposition was "clearly erroneous." *Anderson*, 470 U.S. at 573, 105 S. Ct. at 1512. Plaintiffs acknowledge that "notice of a foreign deposition should be reasonable." (Pls.' App. at 5 (citing 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2083, p. 679 (2d ed. 1994); FED. R. CIV. P. 30(b)(1)); *see also* Mohns' App. at 4.) Consequently, the Court will deny Plaintiffs' and the Mohns' appeals, because it does not believe that Magistrate Judge Majzoub's finding that the notice of Mr. Cotterell's deposition was not reasonable under the circumstances was "clearly erroneous."[2]

---

[2]The Court expresses no opinion on the propriety of a subsequent notice of Mr. Cotterell's deposition.

Having found that there is no reason to set aside Magistrate Judge Majzoub's March 14, 2008 Order, the Court will deny as moot Hyman Lippitt's "Motion For Protective Order Under Rule 26(c)(1)(B) Concerning Deposition of Non-Party to be Held on Two Business Days' Notice."

Accordingly,

**IT IS ORDERED** that Plaintiffs' and the Mohns' appeals of Magistrate Judge Majzoub's March 14, 2008 Opinion and Order are **DENIED**.

**IT IS FURTHER ORDERED** that Hyman Lippitt's "Motion For Protective Order Under Rule 26(c)(1)(B) Concerning Deposition of Non-Party to be Held on Two Business Days' Notice" is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record