UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,
JENNIFER ADAMS, et al.,                  Case No. 05-72110
WILLIAM CLIFF, et al.,                    Case No. 05-72171
      Plaintiffs,                          Case No. 05-72221

v.                                            Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C., et al.,
      Defendants.
_____/

## OPINION AND ORDER DENYING HYMAN LIPPITT'S
## MOTION TO QUASH DEPOSITION OF NON-PARTY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 11, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendant Hyman Lippitt's Motion to Quash the Non-Party Deposition of Robin Cotterell filed on March 27, 2003. Plaintiffs and Counter/Third-Party Defendants Keith and Laurence Mohn (the "Mohns") have filed a responses to Hyman Lippitt's motion. Having reviewed the parties' filings, the Court sees no need for oral argument, and is therefore dispensing with oral argument in accordance with Local Rule 7.1(e)(2).

**I**     **Background**

The above-captioned matters are three separate but related lawsuits alleging Exchange Act and state law violations: *Burket, et al. v. Hyman Lippitt, et al.*, Case No.

05-72110; *Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. All three of these lawsuits were filed in late May or early June 2005. Pursuant to the most recent amended scheduling order entered in each of these cases on April 20, 2007, discovery was scheduled to be "completed by" August 31, 2007.

The instant dispute stems from Plaintiffs' March 24, 2008 re-notice of deposition of non-party witness, Robin Cotterell. Plaintiffs' re-notice schedules the deposition of Mr. Cotterell for April 18, 2008 in St. Kitts, a island in the West Indies. Plaintiffs assert that Mr. Cotterell's testimony will undermine the defenses and counterclaims of Defendants.[1] (Pls.' Resp. Br. at 3.) According to Plaintiffs, "Mr. Cotterell, for personal reasons, refuses to come to the United States." (*Adams* Doc. No. 299, Cotterell Aff. ¶ 5.) "Several years ago he was the subject of baseless criminal proceedings in the State of New York."[2] (*Id.*) Although Plaintiffs state that Mr. Cotterell "remains free to travel to the U.S. at his leisure," (*id.*), "he has no desire to return to the country that – in his estimation – subjected him to an unjust and arbitrary prosecution." (*Id.*) For these reasons, Plaintiffs would like to depose Mr. Cotterell to preserve his testimony for trial.

In a letter dated August 22, 2007, counsel for the Mohns, Jack Mazzara, provided counsel for the Hyman Lippitt Defendants a notice of deposition for Mr. Cotterell. (Pls.'

---

[1] Plaintiffs proffered Mr. Cotterell's affidavit in support of their response to one of the Hyman Lippitt Defendants' motions for summary judgment. (*See Adams*, Doc. No. 260.)

[2] In his affidavit, Mr. Cotterell states that he was "acquitted of each and every charge on the 4th of December 2000." (Cotterell Aff. ¶ 19.)

2

Resp. Ex. D.) The notice, dated August 23, 2007, informed Defendants that the Mohns "will take the telephone deposition" of Mr. Cotterell on August 30, 2007. (*Id.* Ex. E.) The Hyman Lippitt Defendants,[3] in a letter dated August 28, 2007, objected to the Mohns' notice on four separate grounds: (1) it failed to comply with Rule 28(b) of the Federal Rules of Civil Procedure; (2) it had no legal effect in St. Kitts; (3) there had been no stipulation by counsel or a court order authorizing a telephonic deposition; and (4) the deposition of Mr. Cotterell must take place in the United States where he is subject to the jurisdiction of the United States Federal Courts. (Hyman Lippitt's Mot. Ex. 1.) Mr. Cotterell was not deposed on August 30, 2007; nor has he been deposed.

On March 12, 2008, counsel for Plaintiffs sent an email informing counsel for the Hyman Lippitt Defendants that Mr. Cotterell "agreed to be deposed in London, Ontario on [March 17, 2008] at 11:00 am." (Hyman Lippitt's Mot. ¶ 8.) The next day, Hyman Lippitt filed an "Emergency Motion To Quash Deposition of Non-Party To Be Held In Canada On Two Business Days' Notice And/Or To Preclude Use of Same At Trial." On March 13, 2008, this Court referred Hyman Lippitt's emergency motion to Magistrate Mona K. Majzoub. Plaintiffs and the Mohns filed responses to Hyman Lippitt's emergency motion, and on March 14, 2008, Magistrate Judge Majzoub granted Hyman Lippitt's emergency motion finding that (1) the deposition was untimely as it was noticed six months after the close of discovery and Plaintiffs failed to show good cause for taking Mr. Cotterell's deposition, and (2) Plaintiffs failed to provide reasonable notice.

---

[3]The "Hyman Lippitt Defendants" include Hyman Lippitt, P.C., Norman Lippitt, Douglas Hyman, Brian O'Keefe, and John Sellers.

Plaintiffs, on March 14, 2008, and the Mohns, on March 16, 2008, appealed Magistrate Judge Majzoub's order granting Hyman Lippitt's emergency motion. On March 17 2008, this Court issued an Opinion and Order affirming Magistrate Judge Majzoub "because it [did] not believe that Magistrate Judge Majzoub's finding that the notice of Mr. Cotterell's deposition was not reasonable was 'clearly erroneous.'" (3/17/08 Op. & Or. at 4.) In the March 17, 2008 Opinion and Order, this Court stated that it "expresse[d] no opinion on the propriety of a subsequent notice of Mr. Cotterell's deposition." (*Id.*) A week after this Court issued the March 17, 2008 Opinion and Order, Plaintiffs re-noticed Mr. Cotterell's deposition for April 18, 2008 to preserve his testimony for use at trial.[4]

## II. Discussion

Hyman Lippitt again moves to quash Mr. Cotterell's deposition, asserting four reasons why Mr. Cotterell's deposition should be quashed. First, Hyman Lippitt argues that the deposition is untimely because discovery has been closed for seven months. Second, Hyman Lippitt asserts that Plaintiffs' statement that Mr. Cotterell's deposition is to "preserve testimony for trial" is irrelevant. The third reason Hyman Lippitt contends Plaintiffs' re-notice should be quashed is that Plaintiffs have failed to make a showing of good cause. Finally, Hyman Lippitt avers that allowing Mr. Cotterell to be deposed "at

---

[4]The Court notes that there are two separate motions for summary judgment filed by the Hyman Lippitt Defendants currently pending. The Hyman Lippitt Defendants have also filed a "Motion for Dismissal of 7 Plaintiffs for Failure to Comply with Court's Order to Produce Returns," which is also pending. Moreover, Defendant Givens filed a motion for summary judgment on March 21, 2008. The Court will assume for the purposes of its analysis of the present motion that there will be a trial.

this late date would be unduly and unfairly prejudicial to Hyman Lippitt." (Hyman Lippitt's Br. at 7.)

Plaintiffs and the Mohns argue that Hyman Lippitt's reference to the close of discovery is irrelevant. Second, Plaintiffs argue that Defendants have known of Mr. Cotterell for years and they previously agreed that his deposition could be taken after the close of discovery; therefore, according to Plaintiffs, Hyman Lippitt will not suffer any prejudice if Mr. Cotterell's deposition goes forward. On the contrary, Plaintiffs contend that if they are not permitted to depose Mr. Cotterell, they will not be able to present his testimony should these cases go to trial. Finally, Plaintiffs contend that even if there is no distinction between a trial deposition and a discovery deposition, they have made a showing of "good cause" to allow the deposition.

As an initial matter, this Court's scheduling order setting a date by which discovery shall be completed was intended to set a date to close discovery; it had nothing to do with *de bene esse* depositions. Furthermore, based on the specific facts and circumstances involved in the present dispute, this Court finds that Plaintiffs can take the *de bene esse* deposition of Mr. Cotterell on April 18, 2008 in St. Kitts.[5] When weighing the prejudice each side may incur, the Court is persuaded that the prejudice Plaintiffs would suffer if Mr. Cotterell is not deposed outweighs the potential prejudice to Hyman Lippitt. Hyman Lippitt argues that if Mr. Cotterell's testimony is unfavorable, it would be denied "the

---

[5]Even if Plaintiffs are required to make a showing of "good cause" to take the *de bene esse* deposition of Mr. Cotterell on April 18, 2008, the Court finds that such a showing has been made.

opportunity to conduct additional discovery to disprove or rebut [Mr.] Cotterell's testimony."[6] (Hyman Lippitt's Br. at 6.) However, as Plaintiffs contend, they submitted Mr. Cotterell's affidavit in response to one of the Hyman Lippitt Defendants' motions for summary judgment. Therefore, Mr. Cotterell's testimony will not be a complete surprise to Hyman Lippitt.[7] Finally and most importantly, if Mr. Cotterell's April 18, 2008 deposition does not go forward, Plaintiffs and the Mohns would almost certainly be deprived of the opportunity to present the testimony of a witness they believe will be favorable to their claims at trial.

Accordingly,

**IT IS ORDERED** that Hyman Lippitt's Motion to Quash Deposition of Non-Party is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[6]Technically, because the Court's scheduling order setting August 31, 2007 as the discovery deadline has never been modified, the same would be true for the depositions that have occurred after the discovery deadline.

[7]Furthermore, issues relating to the use of the deposition or whether certain testimony should or should not be admitted are issues the trial court can deal with at the time the deposition is offered.