UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ADAMS, et al.,
WILLIAM CLIFF, et al.,

    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,

    Defendants.
_____/    Case No. 05-72171
    Case No. 05-72221
HYMAN LIPPITT, P.C., et al.,
    Honorable Patrick J. Duggan
    Counter- and Third-Party Plaintiff,

v.

KEITH MOHN, et al.,

    Counter- and Third-Party
    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING HYMAN LIPPITT'S MOTION FOR
DISMISSAL OF SEVEN PLAINTIFFS FOR FAILURE TO COMPLY WITH
COURT'S ORDER TO PRODUCE RETURNS</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 1, 2008.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This matter is before the Court in two separate but related suits alleging Exchange

Act and state law violations: *Adams, et al. v. Hyman Lippitt, P.C., et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. Presently before this Court is Defendant Hyman Lippitt, P.C.'s[1] motion for dismissal of seven Plaintiffs for failure to comply with this Court's order to produce certain tax returns. On April 23, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Hyman Lippitt's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.     Background**

On June 27, 2006, Hyman Lippitt served its First Request for Discovery on Plaintiffs, requesting that Plaintiffs produce copies of state and federal income tax returns for years 1999-2004, as well as gift tax returns for years 1999-2004, for each of the Plaintiff entities and individuals. Plaintiffs objected to this request, and on June 8, 2007, Hyman Lippitt filed a motion to compel the production of the above-referenced tax returns. This Court referred Hyman Lippitt's motion to compel Plaintiffs' tax returns to Magistrate Judge Mona K. Majzoub on June 8, 2007.

On July 27, 2007, Magistrate Judge Majzoub ordered Plaintiffs "to produce their tax returns within fourteen (14) days from the date of [her] order." (Mag. Judge Majzoub's 7/27/07 Op. & Or. at 9.) On October 23, 2007, this Court affirmed Magistrate Judge Majzoub's order compelling Plaintiffs to produce the above-referenced tax returns. Then, on November 12, 2007, Hyman Lippitt filed a motion for sanctions as to all Plaintiffs for their failure to produce the requested tax returns. Magistrate Judge Majzoub, on

---

[1]For ease of reference, the Court will refer to Hyman Lippitt, P.C. as "Hyman Lippitt."

November 28, 2007, issued an order imposing sanctions against Plaintiffs for their failure to produce the tax returns. More specifically, Magistrate Judge Majzoub "award[ed] Defendants its [*sic*] reasonable and necessary expenses, including attorney's fees, for having to file" the motion for sanctions. (Magistrate Judge Majzoub's 11/28/07 Op. & Or. at 6.)

Since November 28, 2007, Hyman Lippitt states that many of the Plaintiffs have either produced "a significant portion of the requested tax returns," or "signed affidavits stating that their returns are unavailable and completed forms authorizing Hyman Lippitt to obtain the tax forms from the IRS." (HL's Mot. ¶ 11.) Nevertheless, the following seven Plaintiffs have failed to produce any of the requested tax returns or signed any affidavit or authorization form: (1) Herman Drazick (as trustee of the Drazick Trust); (2) Joseph K. Howell (individually and as trustee of the Howell Trust); (3) Margaret Howell; (4) William Jarvis; (5) Janet Rebone; (6) Thomas Roderick; and (7) Keith Pierce. Hyman Lippitt now requests that the Court dismiss these seven Plaintiffs based on their failure to comply with the Court's order requiring them to produce the requested tax returns.

## II.     Analysis

The parties' present dispute is over the appropriate sanction for the seven Plaintiffs' failure to produce the requested returns. Hyman Lippitt argues that dismissal is an appropriate sanction. Plaintiffs, on the other hand, argue that Hyman Lippitt's requested dismissal sanction "is manifestly inappropriate," and contend that the Court should "fashion a sanction appropriate to the circumstances." (Pls.' Resp. Br. at 4, 6.)

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a Court to impose

sanctions for a party's failure to obey a discovery order, including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2). The Sixth Circuit applies four factors to determine the appropriate sanction for a party's failure to comply with a discovery order: (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;" (2) "whether the adversary was prejudiced by the party's failure to cooperate in discovery;" (3) "whether the party was warned that failure to cooperate could lead to the sanction;" and (4) "whether less drastic sanctions were first imposed or considered." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)(citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)).

After considering the above-mentioned factors, the Court is satisfied that dismissal of the seven Plaintiffs who have failed to produce the requested tax returns is an appropriate sanction. In this Court's opinion, the seven Plaintiffs who have failed to produce the requested tax returns have done so willfully, in bad faith, and with fault. Plaintiffs, in their response brief and supplement briefs, again question the relevance of the requested tax returns and argue that Hyman Lippitt requested the tax returns to harass or intimidate Plaintiffs. This Court, however, has already determined that the requested tax returns are relevant. Moreover, unlike the remaining 65 Plaintiffs who either produced the requested tax returns and/or completed affidavits and waivers allowing Hyman Lippitt to obtain their tax returns, the seven Plaintiffs who have not produced their tax returns have acted in defiance of this Court's and Magistrate Judge Majzoub's orders.

With respect to the second factor, the Court finds that the seven Plaintiffs' failure to produce the requested tax returns prejudiced Hyman Lippitt. The seven Plaintiffs' failure to produce the requested tax returns has not only precluded Hyman Lippitt from engaging in discovery related to the tax returns,[2] but will also preclude Hyman Lippitt from questioning the seven Plaintiffs regarding the requested tax returns at trial.

As to the third and fourth factors, the Court notes that Magistrate Judge Majzoub did impose monetary sanctions upon all of the Plaintiffs in these actions for their failure to produce the requested tax returns. Although Plaintiffs have not been expressly warned that their failure to produce the requested tax returns could result in their dismissal, the sanction of dismissal should come as no surprise as a lesser sanction was insufficient to induce the seven Plaintiffs to comply with this Court's order requiring production of the requested tax returns.

For the foregoing reasons, the Court will grant Hyman Lippitt's motion for dismissal of the seven Plaintiffs for their failure to produce the requested tax returns.

Accordingly,

**IT IS ORDERED** that Hyman Lippitt's Motion for Dismissal of Seven Plaintiffs for Failure to Comply with Court's Order to Produce Returns is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Herman Drazick (as trustee of the Drazick Trust), Joseph K. Howell (individually and as trustee of the Howell Trust), Margaret Howell, William Jarvis, Janet Rebone, Thomas Roderick, and Keith Pierce are

---

[2]The discovery cut-off date in the Court's scheduling order issued on April 20, 2007 was August 31, 2007.

**DISMISSED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record